

**STATE OF VERMONT**

VERMONT
SUPERIOR COURT
ENVIRONMENTAL DIVISION

**SUPERIOR COURT—ENVIRONMENTAL DIVISION**

| | |
|---|---|
| In re Schwarzkopf 4-Lot Subdivision } | Docket No. 94-6-10 Vtec |
| Conditional Use Application } | (Appeal from Bennington Village |
| (Appeal of Schwarzkopf) } | Planning Com. determination) |
| } | |

### Amended Judgment Order[1]

This appeal concerns the application by Donald S. and Margaret O'Neil Schwarzkopf ("Applicants") for a permit to subdivide their property at 37 Monument Avenue in the Village of Old Bennington ("Village") into four lots. No development proposals for the to-be-created lots have been suggested in the pending application.

The Village of Old Bennington Planning Commission ("Planning Commission") approved the Schwarzkopf subdivision application, subject to six conditions, including that "[n]o trees, or other existing foliage, shall be removed from those areas outside of the building envelopes shown for the subdivided parcels, on the subdivision plan" submitted with the application. In re Schwarzkopf 4-Lot Subdivision Application (#09-6), Findings of Fact, Conclusions of Law and Decision, at 3, ¶ 3(c) (Vill. of Old Bennington Planning Comm'n May 26, 2010) ("PC Decision"). Applicant thereafter appealed the PC Decision to this Court, specifically challenging the constitutionality and appropriateness of Condition 3(c).

Applicants filed their Statement of Questions with the Court on June 16, 2010. Their Statement contains two Questions: the first Question challenges Condition 3(c), quoted above; the second Question challenges Condition 3(f) from the PC Decision. Through the parties' valiant efforts at resolution through negotiation, the Village agreed that any approval by this Court could omit the challenged Condition 3(f). Based upon this representation, the Court issued its Entry Order of December 14, 2010, granting judgment in Applicants' favor and **VOIDING** Condition 3(f) from the PC Decision.

The Court conducted a site visit on January 14, 2010. Present at the site visit was Mr. Schwarzkopf,[2] Village attorney Robert E. Woolmington, the Village Zoning

---

[1] This Amended Judgment Order is intended to supersede our Judgment Order of March 9, 2011. Our sole purpose in issuing this Amended Judgment Order is to revise pages 3 and 4 of the previously issued decision to incorporate our legal determinations pertaining to trees within the driveway and utilities easements on the Schwarzkopfs' property. We announced these determinations at trial but neglected to include them in our original Judgment Oder.

1

Administrator, and Interested Persons Peter L. Stromgren, Patricia Lynn Green, and Susan Wright.[3]

Several other motions were addressed by the Court prior to trial, all concerning either party status or discovery requests. Thereafter, the Court conducted a merits hearing on Friday, March 4, 2011 at the Bennington Superior Court—Civil Division. All evidence admitted at trial pertained to the sole remaining legal issue on appeal: whether the subdivision regulation upon which Condition 3(c) is based is so vague as to be constitutionally infirm, and whether Condition 3(c) is appropriate to impose upon the proposed subdivision. Once all parties present completed their presentation of evidence, the Court conducted a brief recess to complete its deliberations and conduct some additional legal research.

Thereafter, the Court rendered its Findings of Fact on the record, addressing all factual issues remaining in dispute in this appeal. Based upon those Factual Findings, the Court announced its legal determinations, which are summarized as follows:

Any determination of whether a municipal land use regulation is so vague as to be constitutionally infirm should not read the challenged provision in isolation, but rather as part of all applicable regulations. In re Pierce Subdivision Application, 2008 VT 100 ¶ 20, 184 Vt. 365 (courts must "uphold [land use] standards even if they are general and will look to the entire ordinance, not just the challenged subsection, to determine the standard to be applied.") (citations omitted).

The Village of Old Bennington Subdivision Regulations ("Regulations") § 2.07 directs that "[t]rees existing on lots shall be preserved wherever feasible." Based upon this Regulation, the Planning Commission imposed Condition 3(c), which Applicants challenge by their Question 1.

We initially shared Applicants' concern of how to properly define "where feasible," but, upon examining the remainder of the Village's land use regulations, conclude that "feasibility" relates to the practicality of preserving the existing trees. The Village has determined, through its land use regulations, that trees and other natural landscaping are important contributors to the character of the Village in general and the surrounding neighborhood in particular. See Village of Old

---

[2] Co-Applicant Margaret O'Neil Schwarzkopf and Applicants' attorney David Grayck did not attend the site visit.

[3] Peter Green also appears as an Interested Person in this appeal, but he did not attend the site visit.

2

Bennington Zoning Bylaws ("Bylaws") § 90 (concerning the purpose of design review standards) and § 95 (concerning the design review standards, including standards found in Bylaws § 95(F) requiring "reasonable amounts of plantings, landscaping, and screening with particular emphasis on trees, as required to maintain and improve the visual quality of the Village.").

Read in context with the stated purposes, criteria, and standards found in both the Regulations and Bylaws, Regulations § 2.07 allows a subdivider to clear his or her property of dead or dying trees and underbrush, so as to preserve its attractiveness and viability for use, but limits tree cutting "where feasible," so as to preserve the existing trees until a development plan is submitted and approved for the subdivided lots. Once development plans are created for each subdivided lot, the preserved trees can be incorporated into the development in a way that is in harmony with the historic qualities of the Village as required under the Regulations and Bylaws. Based upon this reasoning, we **DECLINE** to adopt Applicants' claim; we hold that Regulation § 2.07 is not so vague as to be unconstitutional.

Based upon the evidence presented at the de novo merits hearing, we conclude that Regulation § 2.07 imposes an obligation upon Applicants, as a condition of the approval of their subdivision application, to preserve the trees on each of the four subdivided lots, where feasible, so as to preserve and contribute to the character of the Village and neighborhood settings. In connection with this particular application and the neighborhood that surrounds the subdivision, we find that it is feasible to preserve trees along the exterior lot boundaries and outside of the proposed building envelopes, and to only restrict the cutting of trees that are at least six inches in diameter at breast height ("DBH") and are not dead or dying. We conclude that Applicants should also be allowed to cut trees within the easements on their property that are to be used to construct and maintain driveways and underground utility lines, since it would not be feasible to require preservation of these trees. The preservation of the identified trees will allow them to be included in any landscaping plan that may be part of any future development approval.[4] To effectuate this legal determination, we impose the following condition upon our approval under Regulations § 2.07:[5]

---

[4] The PC Decision, as modified by this Judgment Order, only authorizes the subdivision of the property and does not authorize any development of the subdivided lots. See In re Taft Corners Assoc., 171 Vt. 135, 141 (2000)

3

Applicants and their successors and assigns shall not cut trees that are at least 6" DBH and more than twenty feet away from the building envelope/setback area on each lot, as depicted on Applicants' revised subdivision plan, admitted at the March 4, 2011 trial as Exhibit 6 (a copy of which is attached to this Judgment Order).

This cutting restriction shall also prohibit the cutting of any maple trees, 6" DBH or greater, along the easterly boundary of Lot 1 near and parallel to Monument Avenue, even if such trees are within twenty feet of the building envelope.

This cutting restriction shall not apply to any dead or dying trees, or to trees standing at an angle of less than 60 ° from the level plane of its base, and shall in no event apply to brush or other vegetation inside or outside of the building envelope/setback for each lot.

This cutting restriction shall also not apply to the cutting of trees or the removal of vegetation where such trees and vegetation are on the permanent reciprocal easement for shared access and underground utilities, as shown on Exhibit 6.

This cutting restriction shall remain in full force and effect until superseded by a landscaping plan approved by the appropriate municipal panel or appellate court.

These proceedings are remanded to the Village of Old Bennington Zoning Administrator, solely for the purpose of completing the ministerial act of recording the approval and revised conditions that this Judgment Order memorializes. The approval and conditions issued by the Village of Old Bennington Planning Commission that are not disturbed by this Judgment Order or the Court's prior Entry Order of December 14, 2010 shall remain in full force and effect.

This completes the current proceedings before this Court.

Done at Newfane, Vermont, this 6th day of April, 2011.

_____
Thomas S. Durkin, Environmental Judge

(holding that a subdivision permit does not create a vested right for a developer in the zoning permit process, since "subdivision review is not intended to police prospective uses of the subdivided lots").

[5] The condition stated here substitutes for Condition 3(c) from the PC Decision. In light of the replacement Condition stated here, Condition 3(c) from the PC Decision is hereby **VOIDED**.

**GENERAL NOTES**

1. SUBDIVISION OF LAND26 PREPARED FOR DONALD S. & MARGARET O'NEIL SCHWANDKOPF 2 HARDWICK LANE RUMSON, NJ 07760

2. PARCEL INFORMATION
   LOCATION: 37 MONUMENT AVENUE
   VILLAGE OF OLD BENNINGTON
   TOWN OF BENNINGTON
   COUNTY OF BENNINGTON
   STATE OF VT.
   TAX ID #: 42-06-00
   SOURCE OF TITLE: BK 240 PG 195

3. THIS PLOT IS FOR SUBDIVISION PURPOSES ONLY

4. WETLANDS MAPPING DELINEATED BY ERROL BROOKS OF GILMAN AND BROOKS ENVIRONMENTAL ON 8-24-08

5. SEE MSK DRAWINGS C-102 AND C-601 FOR SEWER/WATER DETAILS

**VICINITY MAP**
APPROXIMATE SCALE 1:1000

PROJECT LOCATION

**PROPOSED SUBDIVISION PLAN**
Scale: 1:30

PARCEL: 2
AREA: 82075 SF

PARCEL: 3
AREA: 80030 SF

PARCEL: 4
AREA: 82774 SF

PARCEL: 1
AREA: 99431 SF

**TYPICAL DRIVEWAY SECTION**
Scale: NTS

**TYPICAL DRIVEWAY DETAIL**
Scale: NTS

PROFILE OF INTERSECTION (FRL SECTION)

**MSK ENGINEERING AND DESIGN, INC.**
P.O. BOX 169, HARWOOD HILL
BENNINGTON, VT 05201
PH: (802) 447-3348 FAX: (802) 447-8782

SUBDIVISION OF LANDS FOR

37 MONUMENT AVE
OLD BENNINGTON, VT

V-102

| REVISIONS | | |
|---|---|---|
| NO. | DATE | DESCRIPTION |
| 1 | 08-31-08 | REVISED TO SHOW WETLANDS MAPPING |
| 2 | 12-06-08 | REVISED FOR STATE PERMITTING |

